ORIGINAL  FILED 

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEB 0 4 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

BOBBY SMITH, #189410,

        Plaintiff,

vs.

PAUL RENICO, et. al.,

        Defendant(s).

Case No.: 04-CV-71704-DT

HON. DENISE PAGE HOOD
MAG. JUDGE WALLACE CAPEL, JR.

_____/

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Before the Court is "Defendants Renico and Bossels' Rule 12(b) Motion For Dismissal and Rule 56(b) Motion For Summary Judgment," filed September 15, 2004. Defendants argue that the Court should dismiss Plaintiff's Complaint, denying his request for an injunction, and grant summary judgment in Defendants' favor for the following reasons: 1) that Plaintiff has failed to exhaust his administrative remedies; 2) that Defendant Bossel is entitled to summary judgment because there is no genuine issue of fact upon which relief can be granted; 4) that there is insufficient evidence to support Plaintiff's claim of retaliation against Defendant Bossel; 5) that Plaintiff's request for a temporary restraining order should be denied, and 6) that this action is barred by the doctrine of qualified immunity.

### II.  STANDARD OF REVIEW

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the

1

complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed.R.Civ.P. 12(b)(6) states, "If on a motion [for judgment on the pleading] matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56......"

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

2

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(c). To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F.Supp. 214, 217 (E.D. Mich, 1990).

## III.   ANALYSIS

### A.   Exhaustion of Administrative Remedies

Defendants argue that Plaintiff has failed to demonstrate that he exhausted his administrative remedies as to Defendant Renico, and as to the alleged false misconduct ticket from Defendant Bossel. I agree.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); Brown v. Toombs, 139 F.3d at 1102, 1104 (6th Cir. 1998). The prisoner bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. To establish

3

exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000)(cert denied), 531 U.S. 1040, 121 S.Ct. 634 (2000); Brown, 139 F.3d at 1104. Before the district court can adjudicate any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999); Brown, 139 F.3d at 1104. When a prisoner has filed a civil rights complaint in federal court without first exhausting his administrative remedies, dismissal of the complaint is appropriate. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Brown, 139 F.3d at 1104.

A prisoner in the Sixth Circuit faces additional requirements. In Curry v. Scott, 249 F.3d 493 (6th Cir. 2001), the court held that a prisoner must file a grievance against each person he ultimately seeks to sue. Furthermore, a prisoner incarcerated in the Michigan Department of Corrections must allege misconduct or mistreatment on the part of the defendant at Step One of the grievance process. See Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003).

In this case, Plaintiff has failed to provide documentation which would establish that he filed a grievance against Defendant Renico. The documentation which he did provide fails to establish that he filed grievances and exhaust the administrative process in regards to his retaliation claims asserted against Defendant Bossel. Plaintiff's claims against Defendant Renico and his retaliation claims against Defendant Bossel, therefore, should be dismissed.

### B.    Summary Judgment

Defendants argue that Defendant Bossel is entitled to summary judgment because there is no issue of fact upon which relief can be granted. I disagree.

4

Defendant argues that he was conducting a routine shakedown of Plaintiff's cell, and was justified in reading Plaintiff's letter because it was unsealed, in plain view, and in Plaintiff's control. Defendant's argument does not establish that there exists a genuine issue of material fact. In <u>Sallier v. Brooks</u>, 343 F.3d 868, 873 (6th Cir. 2003), the court stated, "A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." The court went on to say "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prisoner security." "However, prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights." (citations omitted).

In this case, Defendant gave no explanation as to why he read Plaintiff's letter other than it was unsealed, and in plain view. Defendant articulates no reasons as to what aspects about this letter created a reasonable suspicion that prison security or regulations were being violated; and that the letter was being read pursuant to a uniformly applied policy with an eye to maintaining security, rather than in an arbitrary and capricious fashion.

Plaintiff, on the other hand, does provide support for his claim that Defendant Bossel was acting in a capricious manner through the affidavit of his cell mate, Thomas Jordan. Mr. Jordan's affidavit supports Plaintiff's version of events, including the claim that Defendant read a portion of the letter to him, regarding negative things Plaintiff said about him in the letter. Defendant's actions do not support the conclusion that he was only attempting to maintain security. Instigation of bad feelings between cell mates would not further that goal. Summary judgment on this issue is not

5

appropriate because a genuine issue of material fact as to whether Defendant opened and read

Plaintiff's mail does exist in an arbitrary and capricious fashion.

## C.    Declaratory Judgment and Injunctive Relief

Defendants' argue that Plaintiff is not entitled to a declaratory judgment and injunctive relief.

I agree. Plaintiff filed this suit while housed at the St. Louis Correctional Facility in St. Louis,

Michigan. Plaintiff has since been transferred to the Earnest C. Brooks Correctional Facility in

Muskegon Heights, Michigan. The Sixth Circuit has held that a transfer to another prison moots a

prisoner's request for injunctive and declaratory relief. See Preiser v. Newkirk, 422 U.S. 395, 402-03

(1975); Lavada v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Plaintiff has only elicited facts

which, if true, establish that his mail may have been interfered with in a capricious manner, by one

Defendant on one occasion. There is no indication that the acts of which he complains are capable

of repetition yet evading review. See Preiser, 422 U.S. at 402-03.

## D.    Qualified Immunity

Defendant Bossel claims that he is entitled to qualified immunity because his actions with

respect to Plaintiff's mail were objectively reasonable.

Government officials who perform discretionary functions are generally protected from

liability for civil damages as long as their conduct does not violate "clearly established statutory or

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457

U.S. 800, 818, 102 S.Ct. 2727 (1982). In analyzing qualified immunity claims, the courts employ

a three-step inquiry.

First, the court determines whether based upon the applicable law while viewing the facts in

the light most favorable to the plaintiff that a constitutional violation has occurred. See Saucier v.

6

Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001). Second, the court must consider whether the right violated was so clearly established that a reasonable person would understand that his or her actions would violate that right. Id. Finally, the court must determine whether plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights." Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003)(quoting Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999).

Plaintiff has made a colorable claim of the violation of his First Amendment rights in this case. The facts taken in the light most favorable to Plaintiff establishes that Defendant did not have a reasonable suspicion that the letter violated prison regulations. Defendant has failed to identify any characteristics about the letter which created a suspicion that Plaintiff was violating prison regulations. Furthermore, Defendants do not dispute that Plaintiff's cell was the only one shaken down, and that Defendant was not assigned to that area.

Finally, Defendant's actions in reading negative portions of the letter to Plaintiff's cell mate, which could incite tension and violence, contradict Defendant's assertion that this was a routine action done solely for the purpose of ensuring security.

Having determined that a colorable claim of a violation of a constitutional right has occurred, the next step is to determine whether the right was so clearly established that a reasonable person would understand that his or her actions would violate that right. I find that right was clearly established. See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986) (A capricious interference with a prisoner's incoming mail based upon a guard's personal prejudices violates that First Amendment); Lavado v. Keohane, 992 F.2d 601, 609 (6th Cir. 1993) (Thus, it was clearly established at the time of the openings/reading in the instant case that prisoners' mail could not be

7

opened or read in arbitrary or capricious fashion); Bell-Bey v. Williams, 87 F.3d 832, 836 (6th Cir. 1996) (In Lavado, this court noted, "we have held that opening/reading inmates' mail in 'arbitrary' or 'capricious' fashion does violate inmates' First Amendment rights.").

The final step is to determine whether what the official did was objectively unreasonable in light of clearly established constitutional rights. I find that Defendants' actions were objectively unreasonable, based upon the lack of factors which created any suspicion and the fact that Defendant was not assigned to Plaintiff's cell block at the time of the shakedown, and the reading of the letter to Plaintiff's cell mate. For these reasons, I conclude that Defendant is not entitled to qualified immunity.

## IV.   CONCLUSION

For the reasons stated above, I respectfully recommend that Defendants' Motion be **GRANTED IN PART and DENIED IN PART** in a manner not inconsistent with this report.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

8

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: ___ FEB 0 4 2005 ___

9

ORIGINAL **FILED**

FEB 0 4 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

## CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )        **CASE NO.: 04-CV-71704-DT**
          ) ss
**EASTERN DISTRICT OF MICHIGAN**   )

I, the undersigned, hereby certify that I have on the <u>4th</u> day of <u>February 2005,</u> mailed copies

of the "<u>Report and Recommendation</u>," in the foregoing cause, pursuant to Rule 77(d), Fed.R.Civ.P.,

to the following parties:

Honorable. Denise Page Hood
United States District Judge
231 W. Lafayette, Room 251
Detroit, Michigan 48226

Bobby Smith, #189410
Ernest C. Brooks Correctional Institution
2500 S. Sheridan Drive
Muskegon Heights, Michigan 49444

Diane M. Smith
Assistant Attorney General
P. O. Box 30217
Lansing, Michigan 48909

Marsha Heinonen
Deputy Clerk