UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY SMITH,

       Plaintiff,

                                                 Case No. 04-71704

v.

                                                 HONORABLE DENISE PAGE HOOD

PAUL H. RENICO, et al.,

       Defendants.

_____/

**MEMORANDUM OPINION & ORDER ACCEPTING IN PART REPORT & RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

**I.    INTRODUCTION**

Plaintiff Bobby Smith filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants Paul Renico and Allan Bossel. Defendant Renico is the Warden at the Mid-Michigan Correctional Facility ("Facility"), while Defendant Bossel is a Resident Unit Officer. Plaintiff seeks damages, a declaratory judgment, and a preliminary injunction stemming from alleged incidents taking place while Plaintiff was incarcerated at the Facility.

This matter is before the Court on Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated February 4, 2005. The Magistrate Judge recommended this Court grant in part and deny in part Defendants' Rule 12(b) Motion for Dismissal and Rule 56(b) Motion for Summary Judgment. The Magistrate Judge concluded that: (1) Plaintiff had failed to administratively exhaust his claims; (2) genuine issues of material fact remain with respect to Plaintiff's other claims such that Defendants are not entitled to summary judgment; (3) Plaintiff is not entitled to a declaratory judgment or injunctive relief; and (4) Defendants' actions were objectively unreasonable, precluding the application of qualified immunity.

On March 4, 2005, Defendants filed objections to the Report and Recommendation. On March 24, 2005, the Court received Plaintiff's "Opposition to Defendants [sic] Objections to Magistrate's Report and Recommendation." Plaintiff did not file his Opposition. For the reasons set forth below, the Court accepts in part the Magistrate Judge's Report and Recommendation, and dismisses Plaintiff's Complaint in its entirety without prejudice.

## II.   STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## III.   APPLICABLE LAW & ANALYSIS

Neither Party challenges the Magistrate Judge's first conclusion: that Plaintiff failed to exhaust his administrative remedies as to Defendant Renico and as to the alleged false misconduct ticket from Defendant Bossel. (Rep. and Recommendation at 3.) The Court agrees with the Magistrate Judge. A review of the record shows that Plaintiff has not demonstrated he filed a

grievance against Defendant Renico. The record does not adequately show Plaintiff exhausted his administrative remedies with respect to the grievances filed against Defendant Bossel.

On April 25, 2005, the Sixth Circuit issued its opinion in *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). *Bey* clarifies the applicable law in this Circuit by announcing a total exhaustion rule to PLRA cases. A district court considering a lawsuit containing both exhausted and unexhausted claims must now dismiss such a petition. *Id*. at 805-06. This rule must be given full retroactive effect in all cases still open on direct review. *See Makey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Hamburger v. Desoutter, Inc.*, 886 F.Supp. 616, 620 (E.D. Mich. 1995); *In re Federated Dep't Stores, Inc.*, 44 F.3d 1310, 1317-18 (6th Cir. 1995).

In light of the Magistrate Judge's conclusion that portions of Plaintiff's Complaint remain unexhausted, and this Court's acceptance of that conclusion, the rule must be applied in this instance. Before a district court can adjudicate any claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The Court therefore dismisses Plaintiffs' Complaint, in its entirety, without prejudice. Because applying *Bey* mandates the dismissal of Plaintiff's Complaint without prejudice, the Court does not reach the remaining issues discussed in the Report and Recommendation and objected to in Defendants Objection.

Accordingly,

IT IS ORDERED that Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation **[Docket No. 17, filed February 4, 2005]** is ACCEPTED and ADOPTED IN PART as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Dismissal and Motion for


Summary Judgment [**Docket No. 13, filed September 15, 2004**] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Objection to Report and Recommendation [**Docket No. 20, filed March 4, 2005**] is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is dismissed, in its entirety, without prejudice.

          /s/ Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED:   August 25, 2005