THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY SMITH,

        Plaintiff,                       Case No. 04-71704

vs.

                                     DISTRICT JUDGE DENSE PAGE HOOD
                                     MAGISTRATE JUDGE STEVEN D. PEPE

PAUL RENICO
AND ALLAN BOSSEL,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Bobby Smith filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants Paul Renico and Allan Bossel. Defendant Renico is the Warden at the Mid-Michigan Correctional Facility ("STF"). Defendant Bossel is a Resident Unit Officer. Plaintiff sought damages, a declaratory judgment, and a preliminary injunction stemming from alleged incidents taking place while Plaintiff was incarcerated at STF. Following *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), this Court dismissed Plaintiffs' Complaint in August 2005, in its entirety, without prejudice, for failure to make an adequate showing that Plaintiff exhausted his administrative remedies with respect to the grievances filed against Defendant Bossel. A review of the record showed that Plaintiff had not demonstrated he filed a grievance against Defendant Renico whatsoever (Dkt. #23).

On August 27, 2007, Plaintiff filed a motion for relief from judgment pursuant to Rule 60(b)(6) in light of the Supreme Court's decision in the matter of *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that (1) failure to exhaust is an affirmative defense

1

under the PLRA that does not need to be specially plead in a complaint; (2) exhaustion is not per se inadequate simply because a defendant was not named in the grievances; and (3) where a complaint contains both exhausted and unexhausted claims, the court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety) (Dkt. #26). On October 5, 2007, Plaintiff's motion was referred for report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B)) (Dkt. #28). For the reasons indicated below, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

Plaintiff is correct that the Sixth Circuit law cited by this Court in dismissing the present Complaint was subsequently abrogated by the Supreme Court in *Jones v. Bock*. Yet, *Jones* does not retroactively apply to the final decision in this matter. *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97 (1993). In *Harper*, the Supreme Court stated, "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review." *Id.* at 91 (emphasis added); *see also Harris v. Terrell*, 2007 U.S. Dist. LEXIS 12513 (D. Kan. Feb. 21, 2007) (citing *Harper* in holding *Jones* does not apply retroactively when case is not open or on direct review). The present case was not open or on direct review when the Supreme Court decided *Jones* earlier this year. The final judgment in this case was issued in August 2005 and Plaintiff did not appeal that decision. Further, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *see also Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is especially true when a litigant fails to appeal the judgment. *Hopper v. Euclid Manor Nursing Home, Inc.*,

867 F.2d 291, 294 (6th Cir. 1989) (parties should not be able to use Rule 60(b)(6) motion as a substitute for an appeal).

Because Plaintiff's claims were dismissed without prejudice due to his failure to exhaust available administrative remedies, Plaintiff retained the right to re-file his Complaint and has in fact done so in a July 21, 2006, filing. *See Smith v. Bossel*, No. 06-13301 (E.D. Mich). To the extent Plaintiff now wishes to reinstate his previous action, there is no showing of "exceptional circumstances" which warrant relief under Rule 60(b)(6). *See Harris*, 2007 U.S. Dist. LEXIS 12513; *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 387 (6th Cir. 2001); *Blue Diamond Coal. Co.*, 249 F.3d at 524; *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir.1990). "Relief under Rule 60(b), moreover, is circumscribed by public policy favoring finality of judgments and termination of litigation." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir.2005) ( quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

For the above stated reasons, it is **RECOMMENDED** that Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) be **DENIED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.


Date: November 7, 2007　　　　　　　　　　　s/Steven D. Pepe  
Ann Arbor, Michigan　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Diane Smith., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Bobby Smith, 189410, Hiawatha Correctional Facility, 4533 W. Industrial Park Dr., Kincheloe, MI 49786

                                              s/ James P. Peltier
                                              James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peliter@mied.uscourts.gov